UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROADCAST MUSIC, INC.; <br> SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING <br> VELVET APPLE MUSIC; <br> WARNER-TAMERLANE PUBLISHING CORP.; <br> CYANIDE PUBLISHING; <br> RATT MUSIC; <br> TIME COAST MUSIC; <br> RIGHTSONG MUSIC, INC.; <br> SHIRLEY EIKHARD USA MUSIC; <br> EMI BLACKWOOD MUSIC INC.; <br> TOKECO TUNES; <br> WACISSA RIVER MUSIC; <br> UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; <br> FUEL PUBLISHING INC. d/b/a PENER PIG PUBLISHING <br> SONGS OF UNIVERSAL, INC.; and <br> ESCATAWPA SONGS, <br><br> Plaintiffs, <br><br> C.B.G., INC., d/b/a BEEMERS PUB RESTAURANT & LOUNGE, <br> MARRIE ROSE COTE, and <br> PETER C. COTE, each individually, <br><br> Defendants. | Civil Action No.: 11-cv-40142-FDS |

**September 12, 2014**

**Finding and Order on Plaintiffs' Motion for Fees and Costs**

<u>**Introduction**</u>

Plaintiff Broadcast Music, Inc. ("BMI") is a non-profit "performing rights society" that

licenses the right to publically perform copyrighted musical works on behalf of the owners of

those works. BMI acquires performance rights from owners and then grants music users (such as restaurant owners) the right to publically perform works in BMI's collection through blanket license agreements. BMI distributes all income after deducting operating expenses to the owners of the musical works. The other plaintiffs are the owners of the copyrights in the musical compositions at issue in this case. Defendant C.B.G., Inc. ("CBG") owns, operates and controls Beemer's Pub in Fitchburg, Massachusetts. Defendant Peter Cote is the treasurer and sole director of CBG and has responsibility for operation and management of the corporation and Beemer's Pub.

## Background

Sometime before March 24, 2010, BMI discovered that CBG was holding public performances of music from BMI's collection without BMI's permission or license to do so. BMI sent a letter to the defendant explaining that a license was required to publically perform BMI music. BMI sent an additional 34 letters and many emails over the next 14 months also informing CBG of the potential for copyright infringement. The plaintiff made approximately 47 phone calls to CBG to explain the necessity for a license. On six of these phone calls, BMI spoke to Cote personally on the subject. By April 2011, Beemer's still did not have a license. BMI sent a representative to observe the pub on the night on April 26-27; eight songs were performed without a license. As a result, plaintiff sent a letter on May 10, informing CBG of the investigation and to give CBG another chance to obtain the license. The defendant did not do so. After filing suit, the plaintiff sent another investigator to Beemer's on October 19, 2012. The investigator observed six songs performed that required a license by BMI to perform. At that point, CBG was still unlicensed. CBG is presently licensed by BMI. Plaintiffs filed suit alleging copyright infringement against CBG and Cote on June 20, 2011. Plaintiff's motion for summary

judgment was granted. BMI made a motion for attorney's fees, and defendant submitted an opposition to granting attorney's fees.

## Discussion

A plaintiff is entitled to attorney's fees under 17 U.S.C. § 505 when a defendant is found liable for copyright infringement. Fogerty v. Fantasy, Inc., 114 S.Ct. 1023 (1994). The general rule from Fogerty is that, when exercising its discretion to award fees, the court should consider several nonexclusive factors. These factors include, (1) frivolousness; (2) motivation; (3) objective unreasonableness (both in factual and in the legal components of the case); and (4) the need in particular circumstances to advance the considerations of compensation and deterrence. Fogerty at footnoot 19. When awarding fees, the court must remain faithful to purposes of the Copyright Act. The goals of the Act include securing a fair return on the author's creating labor and the stimulation of artistic creativity. Broadcast Music Inc. v.. McDade & Sons, Inc., 928 F. Supp.2d 1120 (D. AZ 2013). (quoting Fogerty).

a. *Frivolousness*

Generally, courts have held that a copyright lawsuit was frivolous if they are so meritless that there is little chance of success on the claim. Garcia-Goyco v. Law Envtl. Consultants, Inc., 428 F.3d 14 (1st cir. 2005). Applied Innovations, Inc. v. Regents of the University of Minnesota, 876 F.2d 626 (8th cir. 1989). In this case, the defenses advanced by the defendant, while imaginative, were simply not meritorious.

b. *Motivation*

Whether the case was brought or continued in bad faith is especially important when considering the motivation of the parties. For example, if the case is brought solely to harass the

other party, this would qualify as improper motive, likely justifying an award of attorney's fees. ZilYen, Inc. v. Rubber Mfrs. Ass'n, 958 F. Supp.2d 215 (DC 2013). BMI does not contend that CBG proceeded with improper motives. There is no evidence that the settlement negotiations were conducted for any reason other than to avoid going to court and promoting judicial economy. Lacking any specific and concrete evidence, I find that the defendant's motivations were not improper.

c. *Objectively Unreasonable*

The First Circuit has held that an award of attorney's fees is permitted where the nonprevailing party's claims are objectively weak, although the court is not required to do so. Latin Am. Music Co. v. Am. Soc'y of Composers, Authors, and Publishers, 642 F.3d 87 (1st cir. 2011). Airframe Systems, Inc. v. L-3 Communications Corp., 658 F.3d 100 (1st cir. 2011).

In this case, it is very unlikely that the court would have come to a different outcome. The plaintiff points to a number of reasons, taken from the summary judgment order of this court, for why the defendant's position was frivolous. Here, the evidence of the defendant's copyright infringement was uncontroverted and the court did not find any of defendant's defenses reasonable.

d. *Compensation and Deterrence*

The final Fogerty factors are the need in particular circumstances to advance the considerations of compensation and deterrence. Courts are within their discretion to grant attorney's fees, they can generally grant fees to compensate the prevailing party if doing so would promote the purposes of the Copyright Act. Broadcast Music Inc., v. McDade & Sons, Inc., 928 F.Supp.2d 1120 (D. Az 2013). In this case, an award of attorney's fees would further the goal of compensation and promote the purpose of the statute. As stated in Broadcast, one of

the goals of the Copyright Act is to promote stimulation of artistic creativity. Id. at 1136. The defendant does not specifically address the issue of compensation, merely arguing that an award of attorney's fees would be inequitable.

e. *Other Mitigating Factors*

Fogerty's list of factors is not exhaustive. The court in that case suggested that there may be other factors to consider depending on the facts of the case. Both parties in this case have suggested additional factors for consideration. The plaintiff suggests that the willfulness of the copyright infringement would support an award of attorney's fees. In contrast, CBG argues that an award would be inequitable because it would not vindicate the underlying goals of the statute. For example, some courts have indicated that the court should consider the willfulness of infringement when award attorney's fees. EMI Mills Music, Inc. v. Empress Hotel, Inc., 470 F.Supp.2d 67 (D. Puerto Rico 2006). Brockman Music v. Mass Bay Lines, Inc., 1988 WL 90833. Marvin Music Co. v. BHC Ltd. Partnership, 830 F. Supp 651 (D. Mass 1993).

f. *Whether the amount requested for attorney's fees by Plaintiff is reasonable?*

The Lodestar method is used in Massachusetts to set a reasonable fee award. This method calculates attorney's fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is measured according to the prevailing market rates in the relevant community. There is nothing immediately apparent that would indicate that the plaintiff's calculation using the lodestar method is incorrect. BMI's attorney seeks to recover $34,270 in legal fees and $931.70 in costs. Plaintiff's attorney, Mr. Strong, indicates that his billing rate was $385 per hour and was raised to $400 per hour in March. He represents his benchmark rate at $450 per hour, but he charges the plaintiff less because BMI has been a client of his for approximately 20 years. Defendants provide no evidence that the rate charged by

Plaintiff's attorney is unreasonable. Therefore, the court should use the $34,270 requested by Mr. Strong as the starting point for the award of attorney's fees.

The lodestar method provides a generally accepted starting point for the court. However, part of the analysis includes the consideration of the Fogerty factors. Generally, courts may adjust an award of attorney's fees, as long as these changes are explained by referring to the factors. <u>Zamoyski v. Fifty-Six Hope Road Music Ltd., Inc.</u>, 767 F. Supp.2d 218 (D. Mass. 2011). <u>Matthews v Freedman</u>, 157 F.3d 25 (1st Cir. 1998). <u>T-Peg, Inc. v. Vermont Timber Works, Inc.</u>, 669 F.3d. 59 (1st Cir. 2012). In these cases, courts have reduced a fee award for equitable purposes and to promote the goals of the Copyright Act.

In <u>Zamoyski</u>, the court reduced the fee award by 45% because the plaintiff's position was not frivolous (10%) and little deterrence was needed from future violation (10%). <u>Zamoyski v. Fifty-Six Hope Road Music Ltd., Inc.</u> 767 F. Supp.2d at 225. The court in <u>Matthews</u> awarded $25,000 out of the requested $60,000 because the claims were not frivolous or in bad faith but the plaintiff tried to extend her copyright protection beyond what is covered by law. <u>Matthews v Freedman</u>, 157 F.3d at 29. Similarly, in <u>T-Peg</u>, the court found an award of $35,000, rather than the requested $200,000, was equitable, given that the copyright claim was not frivolous, unreasonable, or improperly motivated.

There is some support in case law that the court may consider other factors as well when adjusting a fee award. The court in <u>Lieb v. Topstone Industries, Inc.</u> listed out four factors for the court to examine once it has decided that a fee award is appropriate. The factors set out in <u>Lieb</u> are, (1) relative complexity of the litigation; (2) relative financial strength of the parties; (3) bad faith (4) relative simplicity of the defense. <u>Lieb v. Topstone Industries, Inc.</u> 788 F.2d 151 (3d

Cir. 1986). Similarly, the court in <u>Dunn</u> reduced the fee award because that case was relatively straightforward. <u>Dunn v. Brown</u>, 2012 WL 2500881 (D. Mass. 2012).

This case is not complex. The plaintiff's opposition aptly describes this case as a "garden variety complaint." It is clear that there were no novel or complex issues that had to be litigated because the court granted the plaintiff's summary judgment motion. Although unpersuasive, the defense was not factually in dispute nor legally complex. It was not difficult for BMI to counter all of the defendant's claims. Finally, the relative financial strength of the parties is vastly different.

**Finding and Order on Plaintiffs' Motion for Fees and Costs**

**Introduction**

Plaintiff Broadcast Music, Inc. ("BMI") is a non-profit "performing rights society" that licenses the right to publically perform copyrighted musical works on behalf of the owners of those works. BMI acquires performance rights from owners and then grants music users (such as restaurant owners) the right to publically perform works in BMI's collection through blanket license agreements. BMI distributes all income after deducting operating expenses to the owners of the musical works. The other plaintiffs are the owners of the copyrights in the musical compositions at issue in this case. Defendant C.B.G., Inc. ("CBG") owns, operates and controls Beemer's Pub in Fitchburg, Massachusetts. Defendant Peter Cote is the treasurer and sole director of CBG and has responsibility for operation and management of the corporation and Beemer's Pub.

**Background**

Sometime before March 24, 2010, BMI discovered that CBG was holding public performances of music from BMI's collection without BMI's permission or license to do so. BMI sent a letter to the defendant explaining that a license was required to publically perform BMI music. BMI sent an additional 34 letters and many emails over the next 14 months also informing CBG of the potential for copyright infringement. The plaintiff made approximately 47

phone calls to CBG to explain the necessity for a license. On six of these phone calls, BMI spoke to Cote personally on the subject. By April 2011, Beemer's still did not have a license. BMI sent a representative to observe the pub on the night on April 26-27; eight songs were performed without a license. As a result, plaintiff sent a letter on May 10, informing CBG of the investigation and to give CBG another chance to obtain the license. The defendant did not do so. After filing suit, the plaintiff sent another investigator to Beemer's on October 19, 2012. The investigator observed six songs performed that required a license by BMI to perform. At that point, CBG was still unlicensed. CBG is presently licensed by BMI. Plaintiffs filed suit alleging copyright infringement against CBG and Cote on June 20, 2011. Plaintiff's motion for summary judgment was granted. BMI made a motion for attorney's fees, and defendant submitted an opposition to granting attorney's fees.

## Discussion

The plaintiff is entitled to attorney's fees under 17 U.S.C. § 505 when a defendant is found liable for copyright infringement. Fogerty v. Fantasy, Inc., 114 S.Ct. 1023 (1994). The general rule from Fogerty is that, when exercising its discretion to award fees, the court should consider several nonexclusive factors. These factors include, (1) frivolousness; (2) motivation; (3) objective unreasonableness (both in factual and in the legal components of the case); and (4) the need in particular circumstances to advance the considerations of compensation and deterrence. Fogerty at footnoot 19. When awarding fees, the court must remain faithful to purposes of the Copyright Act. The goals of the Act include securing a fair return on the author's creating labor and the stimulation of artistic creativity. Broadcast Music Inc. v.. McDade & Sons, Inc., 928 F. Supp.2d 1120 (D. AZ 2013). (quoting Fogerty).

a. *Frivolousness*

The first factor for the court to consider is frivolousness of either the claims or defenses of the parties. Generally, courts have held that a copyright lawsuit was frivolous if they are so meritless that there is little chance of success on the claim. Garcia-Goyco v. Law Envtl. Consultants, Inc., 428 F.3d 14 (1st cir. 2005). Applied Innovations, Inc. v. Regents of the University of Minnesota, 876 F.2d 626 (8th cir. 1989). In this case, the defenses advanced by the defendant, while imaginative, were simply not meritorious.

b. *Motivation*

The second factor to be considered is the motivation of the defendant in proceeding to summary judgment. Whether the case was brought or continued in bad faith is especially important when considering the motivation of the parties. For example, if the case is brought solely to harass the other party, this would qualify as improper motive, likely justifying an award of attorney's fees. ZilYen, Inc. v. Rubber Mfrs. Ass'n, 958 F. Supp.2d 215 (DC 2013). BMI does not contend that CBG proceeded with improper motives. There is no evidence that the settlement negotiations were conducted for any reason other than to avoid going to court and promoting judicial economy. Lacking any specific and concrete evidence, I find that the defendant's motivations were not improper.

c. *Objectively Unreasonable*

Third, the court should consider whether CBG's defenses were objectively unreasonable, including both the factual and legal components of the case. Fogerty v. Fantasy, Inc. at footnote 19 (quoting Lieb). The First Circuit has held that an award of attorney's fees is permitted where the nonprevailing party's claims are objectively weak, although the court is not required to do so.

Latin Am. Music Co. v. Am. Soc'y of Composers, Authors, and Publishers, 642 F.3d 87 (1st cir. 2011). Airframe Systems, Inc. v. L-3 Communications Corp., 658 F.3d 100 (1st cir. 2011).

In this case, it is very unlikely that the court would have come to a different outcome. The plaintiff points to a number of reasons, taken from the summary judgment order of this court, for why the defendant's position was frivolous. Here, the evidence of the defendant's copyright infringement was uncontroverted and the court did not find any of defendant's defenses reasonable.

d. *Compensation and Deterrence*

The final Fogerty factors are the need in particular circumstances to advance the considerations of compensation and deterrence. Courts are within their discretion to grant attorney's fees, they can generally grant fees to compensate the prevailing party if doing so would promote the purposes of the Copyright Act. Broadcast Music Inc., v. McDade & Sons, Inc., 928 F.Supp.2d 1120 (D. Az 2013). In this case, an award of attorney's fees would further the goal of compensation and promote the purpose of the statute. As stated in Broadcast, one of the goals of the Copyright Act is to promote stimulation of artistic creativity. Id. at 1136. Denying frees to the BMI could chill similarly situated plaintiffs from pursuing meritorious copyright infringement cases that could potentially leave them owing substantial amounts to their attorneys. The defendant does not specifically address the issue of compensation, merely arguing that an award of attorney's fees would be inequitable.

e. *Other Mitigating Factors*

Fogerty's list of factors is not exhaustive. The court in that case suggested that there may be other factors to consider depending on the facts of the case. Both parties in this case have suggested additional factors for consideration. The plaintiff suggests that the willfulness of the

copyright infringement would support an award of attorney's fees. In contrast, CBG argues that an award would be inequitable because it would not vindicate the underlying goals of the statute. For example, some courts have indicated that the court should consider the willfulness of infringement when award attorney's fees. <u>EMI Mills Music, Inc. v. Empress Hotel, Inc.</u>, 470 F.Supp.2d 67 (D. Puerto Rico 2006). <u>Brockman Music v. Mass Bay Lines, Inc.</u>, 1988 WL 90833. <u>Marvin Music Co. v. BHC Ltd. Partnership</u>, 830 F. Supp 651 (D. Mass 1993).

f. *Whether the amount requested for attorney's fees by Plaintiff is reasonable?*

The Lodestar method is used in Massachusetts to set a reasonable fee award. This method calculates attorney's fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is measured according to the prevailing market rates in the relevant community. There is nothing immediately apparent that would indicate that the plaintiff's calculation using the lodestar method is incorrect. BMI's attorney seeks to recover $34,270 in legal fees and $931.70 in costs. Plaintiff's attorney, Mr. Strong, indicates that his billing rate was $385 per hour and was raised to $400 per hour in March. He represents his benchmark rate at $450 per hour, but he charges the plaintiff less because BMI has been a client of his for approximately 20 years. Defendants provide no evidence that the rate charged by Plaintiff's attorney is unreasonable. Therefore, the court should use the $34,270 requested by Mr. Strong as the starting point for the award of attorney's fees.

The lodestar method provides a generally accepted starting point for the court. However, part of the analysis includes the consideration of the Fogerty factors. Generally, courts may adjust an award of attorney's fees, as long as these changes are explained by referring to the factors. <u>Zamoyski v. Fifty-Six Hope Road Music Ltd., Inc.</u>, 767 F. Supp.2d 218 (D. Mass. 2011). <u>Matthews v Freedman</u>, 157 F.3d 25 (1st Cir. 1998). <u>T-Peg, Inc. v. Vermont Timber</u>

Works, Inc., 669 F.3d. 59 (1st Cir. 2012). In these cases, courts have reduced a fee award for equitable purposes and to promote the goals of the Copyright Act.

In Zamoyski, the court reduced the fee award by 45% because the plaintiff's position was not frivolous (10%) and little deterrence was needed from future violation (10%). Zamoyski v. Fifty-Six Hope Road Music Ltd., Inc. 767 F. Supp.2d at 225. The court in Matthews awarded $25,000 out of the requested $60,000 because the claims were not frivolous or in bad faith but the plaintiff tried to extend her copyright protection beyond what is covered by law. Matthews v Freedman, 157 F.3d at 29. Similarly, in T-Peg, the court found an award of $35,000, rather than the requested $200,000, was equitable, given that the copyright claim was not frivolous, unreasonable, or improperly motivated.

There is some support in case law that the court may consider other factors as well when adjusting a fee award. The court in Lieb v. Topstone Industries, Inc. listed out four factors for the court to examine once it has decided that a fee award is appropriate. The factors set out in Lieb are, (1) relative complexity of the litigation; (2) relative financial strength of the parties; (3) bad faith (4) relative simplicity of the defense. Lieb v. Topstone Industries, Inc. 788 F.2d 151 (3d Cir. 1986). Similarly, the court in Dunn reduced the fee award because that case was relatively straightforward. Dunn v. Brown, 2012 WL 2500881 (D. Mass. 2012).

This case is not complex. The plaintiff's opposition aptly describes this case as a "garden variety complaint." It is clear that there were no novel or complex issues that had to be litigated because the court granted the plaintiff's summary judgment motion. Although unpersuasive, the defense was not factually in dispute and not legally complex. It was not difficult for BMI to counter all of the defendant's claims. Finally, the relative financial strength of the parties is

vastly different. Defendant Cote indicates in his affidavit that CBG has not made a profit in the past four years.

I award the Plaintiffs $12,000.00 in attorneys fees plus their costs. I make this reduction from the amount sought by the Plaintiffs because of the basic, uncomplicated nature of the controversy, the relative lack of serious factual dispute, the novel, but easily refuted defense, and the relative financial situations of the parties.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE